IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01865-BNB

THOMAS RADICK, I.D. # 18207424, Englewood F.C.I,

Applicant,

v.

HARLEY LAPPIN, Director, F.B.O.P., and
WARDEN GARCIA.

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Thomas Radick, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution (FCI) in Englewood, Colorado. Mr. Radick initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On August 10, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 31, 2010, Respondents filed a preliminary response. Mr. Radick submitted a reply on September 9, 2010, exhibits in support of his Reply on September 13, 2010, and an additional exhibits in support of his Reply on September 24, 2010.

The Court must construe Mr. Radick's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Radick asserts that the BOP is violating the requirements of 18 U.S.C. § 3621(b) by categorically denying the review and transfer of eligible release inmates to a Community Corrections Center (CCC). He also argues that the BOP is violating the requirements of 18 U.S.C. § 3624(c)(1)-(2) and 28 C.F.R. §§ 570.20 by denying all inmates more than six months in a Residential Reentry Center (RRC) and by limiting eligibility to pre-release inmates with twelve months or less remaining in their sentences.

In the Preliminary Response, Respondents argue that Mr. Radick has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that, during his incarceration, Mr. Radick has filed 39 administrative remedy requests or appeals but that none of them relates to the claims he raises in the instant application. Prelim. Resp. at Ex. A-1, p. 4. The record confirms that Mr. Radick has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. *Id.* at Attachment 2. The exhibits that Mr. Radick has attached to his Reply also demonstrate that Mr. Radick has recently begun the process of attempting to exhaust his administrative remedies with regard to the claims he raises in the

application, but confirm that Mr. Radick has not yet successfully completed the process. *See* Reply at Ex. 16.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. ***See Williams v. O'Brien***, 792 F.2d 986, 987 (10th Cir. 1986); *see also **Montez v. McKinna***, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. ***See Woodford v. Ngo***, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Radick. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Radick argues that the requirement "does not apply [to his case] because it is an exercise in futility . . . and because of the time constraints and time limits, the relief requested would become moot and unobtainable if the movant was required to seek exhaustion of administrative remedies that don't exist or are not being made available

3

to movant." Application at 3. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished decision). Mr. Radick fails to convince the Court that exhaustion of administrative remedies would be futile. Because Mr. Radick has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile.

Mr. Radick also argues that BOP staff are making determinations on the release of inmates to a CCC in a categorical manner, in violation of 18 U.S.C. § 3621(b). The Tenth Circuit, however, has found that this argument is unavailing. "'[T]o the extent that [the petitioner] argues that exhaustion is futile because officials at the Florence prison camp are categorically denying prisoner transfer requests, the higher administrative review levels available (regional and national appeals) demonstrate that exhaustion is not futile.' Where such a possibility of higher-level review exists, the exhaustion requirement may not be evaded." *Daybell v. Davis*, No. 09-1335, 2010 WL 653317, *3 (10th Cir. Feb. 24, 2010) (unpublished decision) (quoting *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010)); *see also Ciocchetti v. Wiley*, No. 09-1336, 2009 WL 4918253 (10th Cir. Dec. 22, 2009) (unpublished decision) (rejecting similar arguments by the petitioner that exhaustion would be futile); *Torres-Villa v. Davis*, No. 09-1366, 2009 WL 4071834 (10th Cir. Nov. 25, 2009) (unpublished decision) (same). Accordingly, Mr. Radick may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 22nd day of October, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01865-BNB

Thomas Radick
Reg No. 18207-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk