IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01865-ZLW

THOMAS RADICK, I.D. # 18207424, Englewood F.C.I,

Applicant,

v.

HARLEY LAPPIN, Director, F.B.O.P., and
WARDEN GARCIA.

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Thomas Radick, filed *pro se* on January 5, 2011, a "Motion Requesting Reconsideration of Order Dismissing Applicant's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." The Court must construe the Motion to Reconsider liberally because Mr. Radick is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion to Reconsider will be denied for the reasons set forth below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Radick's Motion to Reconsider, which was filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Therefore, parties may not use a Rule 60(b) motion as a tool to rehash previously presented arguments already considered and rejected by the Court, nor can it be used to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for appeal." *Bud Brooks Trucking Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Mr. Radick initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 10, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 31, 2010, Respondents filed a preliminary response arguing that Mr. Radick failed to exhaust his administrative remedies prior to initiating his lawsuit. Mr. Radick submitted a reply on September 9, 2010, exhibits in support of his Reply on September 13, 2010, and additional exhibits in support of his Reply on September 24, 2010.

On October 22, 2010, the Court entered an order denying the application and dismissing the action due to Mr. Radick's failure to exhaust his administrative remedies. The Court noted that, based on the exhibits submitted by Mr. Radick, it appeared that he had recently begun the process of attempting to exhaust his administrative remedies but that he had not yet completed the process. Judgment also entered on October 22, 2010.

In the Motion to Reconsider, Mr. Radick appears to argue that the BOP has unlawfully delayed consideration of his administrative remedies because some of his remedies have been returned for the reason that they were not on the proper form or because the appropriate attachments were not submitted. He also argues that the BOP responded to his administrative remedy appeals outside of the time frame set forth in 28 C.F.R. § 542. Mr. Radick has attached forty-seven pages of exhibits to the Motion to Reconsider. Based on the exhibits filed with the Motion to Reconsider, which admittedly are voluminous and difficult to understand, it appears that Mr. Radick completed exhaustion of his administrative remedies on November 30, 2010. Therefore, it is uncontested that Mr. Radick had not completed the process of exhausting his administrative remedies as of October 22, 2010, the date that this action was dismissed.

Federal prisoners must exhaust their administrative remedies prior to filing a habeas application under § 2241. **Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); see also **Fazzini v. Northeast Ohio Corr. Center**, 473 F.3d 229, 231-32 (6th Cir. 2006). Therefore, "[i]n most circumstances, . . . , it is not proper to permit an

3

applicant for habeas relief to initiate litigation before he has exhausted administrative remedies." *Hernandez v. Davis*, 2008 WL 2955856, at *2 (D. Colo. July 30, 2008) (unpublished decision). In this case, it is clear that Mr. Radick did not complete exhaustion of his administrative remedies prior to filing his § 2241 application. Moreover, even though it appears that Mr. Radick has now completed exhaustion of his administrative remedies, this provides no grounds for reconsideration because Mr. Radick was required to exhaust his remedies prior to filing a habeas application in federal court. *See Williams*, 792 F.2d at 987. Therefore, Mr. Radick has not demonstrated any extraordinary circumstances that would justify relief under Rule 60(b), and the Motion to Reconsider will be denied. *See Massengale*, 30 F.3d at 1330.

Mr. Radick is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion Requesting Reconsideration of Order Dismissing Applicant's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" filed on January 5, 2011 (Doc. # 23) is DENIED.

DATED at Denver, Colorado, this __14th__ day of __January__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01865-ZLW

Thomas Radick
Reg No. 18207-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 14, 2011.

                                         GREGORY C. LANGHAM, CLERK

                                         By: _____
                                                Deputy Clerk